**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.  12-cv-01962-LTB

AMERICAN IMPLEMENT, INC.,

       Plaintiff,

v.

COURTNEY WILSON and
LARRY HOLLAND,

       Defendants.

---

**ORDER FOR DEFAULT JUDGMENT**

---

      Upon Plaintiff's Motion for Default and Default Judgment (Doc 19), the Court finds as follows:

      1.    American Implement commenced this action for money damages arising from Defendant's breach of certain agreements on July 27, 2012 (Doc 1).  On July 31, 2012, the Court issued a Summons to the Defendant (Doc 5).

      2.    Pursuant to Fed.R.Civ.P. 4, Defendant Wilson was duly served with the Summons and Complaint on August 12, 2012 (Docs 8, 9).  The original Return of Service for Defendant Wilson was filed with the Court on August 15, 2012 (Docs 8, 9).

      3.    Pursuant to Fed.R.Civ.P. 12(a), Defendant Wilson was required to answer or otherwise respond to the Complaint on or before September 4, 2012.

      4.    Fed.R.Civ.P. 55(a) provides that "When a party against whom a judgment for affirmative relief is sought has filed to plead or otherwise defend, and that failure is shown

by affidavit or otherwise, the clerk must enter the party's default." Defendant Wilson has filed to answer or otherwise respond to the Complaint.

5. Rule 55(b) further authorizes the Clerk to enter a default judgment. Specifically Fed.R.Civ.P. 55(b)(1) provides "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."

6. Courtney Wilson is neither a minor nor an incompetent person. Additionally, Wilson is not currently deployed or actively serving in the military.

7. Default entered November 29, 2012.

8. American Implement has incurred damages in the amount of $18,071.73, as a direct result of Defendant's breach of the five Loan Contracts/Security Agreements and failure to pay for the equipment and implements that he purchased from American Implement pursuant to the Loan Contracts/Security Agreements as described in its Complaint. Its claim is for a sum certain supported by American Implement's Affidavit of Emmett Averett. As detailed in the Affidavit of Emmett Averett, Defendant owes American Implement the sum of $18,071.73 under the five Loan Contracts/Security Agreements (Averett Aff., para. 74).

9. American Implement has incurred attorney's fees to date in the amount of $28,932.50, associated with the enforcement of the five Loan Contracts/Security Agreements and collection of the outstanding amounts due, and costs of $1,156.04 in bringing this action.

10. The total sum due and owing to American Implement to date if $48,160.27. Accordingly, it is

ORDERED that judgment shall enter in favor of Plaintiff and against Defendant Courtney Wilson in the total sum of $48,160.27, which includes $18,071.73 for the amounts due and owing under the five Loan Contracts/Security Agreements, plus interest at the highest rate available from this date forward, plus reasonable attorney fees in the amount of $28,932.50, incurred to date, plus costs of $1,156.04 in bringing this action.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED: November 30, 2012